# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,      :     Case No. 3:08-po-057

                                           District Judge Walter Herbert Rice
                                              (on appeal)
    -vs-                                  Magistrate Judge Michael R. Merz

                                        :

DESHONDA T. ALFORD,

    Defendant.

## BOND REVOCATION AND DETENTION ORDER

This petty offense case is pending before The Honorable Walter Herbert Rice on appeal from the final judgment entered by the Magistrate Judge on November 18, 2008. On September 27, 2011, Judge Rice entered an Order to Defendant to Show Cause why her appeal should not be dismissed for want of prosecution (Doc. No. 24). Apparently coincidentally,[1] Defendant surrendered to the United States Marshal on September 28, 2011, and the question of possible bond revocation came on for hearing before the undersigned on September 29, 2011.

When Defendant appealed from her conviction and sentence, the Magistrate Judge stayed the sentence pending appeal and released Defendant on the same conditions on which she had been released prior to trial (Doc. No. 21).

Although a timely Notice of Appeal transfers a case from the trial judge to the appellate judge or court, the trial judge retains authority, in the first instance, to set the conditions of release

---

[1] I write "apparently coincidentally" because Defendant in open court on September 29, 2011, disclaimed any knowledge of Judge Rice's Order.

1

on appeal and retains jurisdiction to review or alter those conditions in view of changed circumstances. *United States v. Krzyske*, 857 F.2d 1089 (6th Cir. 1988).[2] Based on that understanding of the law, it was the Magistrate Judge here who released Defendant pending appeal, set the conditions of that release, and issue the warrant for her arrest for noncompliance.

It is the Magistrate Judge's general policy to release on conditions any person convicted of a misdemeanor who takes a timely appeal. In this case the conditions imposed on Defendant were the required general conditions in this District (appearance when ordered, obedience to the law pending disposition) and the special conditions of reporting to Pretrial Services on a schedule determined by the Pretrial Services Officer and upon any contact with law enforcement, refraining from excessive use of alcohol, refraining from possessing a firearm, and submitting to random urinalysis if an initial analysis was positive (Doc. No. 7). On August 18, 2008, the Court added the condition that Defendant resolve an outstanding arrest warrant within ten days (Doc. No. 12). The record also reflects a violation of conditions by marijuana use on which the Magistrate Judge, at the recommendation of Pretrial Services, took no action (Doc. No. 11). On November 18, 2008, Pretrial Services reported that Defendant had been arrested for shoplifting in Beavercreek, but again the Magistrate Judge took no action on recommendation of the Pretrial Services Officer (Doc. No. 16).

On December 16, 2008, the Probation Department filed a Petition to Revoke based on Defendant's November 25, 2008, conviction in the Fairborn Municipal Court of theft and possession of criminal tools (Doc. No. 18). That matter came on for hearing on a show cause order on January 7, 2009, but the Magistrate Judge stayed any determination pending the outcome of the appeal. That revocation proceeding remains open because Defendant absconded from Pretrial Services Supervision shortly thereafter. On February 3, 2009, Pretrial Services filed a Petition for Action

---

[2] Although dissenting from the result in this particular case, Judge Merritt concurred with the proposition that the trial court retains this authority generally. *Id.* at 1093, *citing United States v. Black*, 543 F.2d 35 (7th Cir. 1976).

alleging Defendant had failed to report as ordered for urinalysis, failed to report contact with law enforcement, failed to remain in the Southern District of Ohio, and had been arrested on felony receiving stolen property and misdemeanor theft charges in Florence, Kentucky (Doc. No. 22). It was that Petition which led to issuance of the warrant on which Defendant was arrested on September 28, 2011.

On September 29, 2011, Defendant appeared with her counsel, Assistant Federal Public defender Cheryll Bennett. Also before the Court was the Memorandum from Pretrial Services dated September 28, 2011. In addition to the violations of Conditions of Release already known or alleged to the Magistrate Judge as of February, 2009, Pretrial Services reported that Defendant

1. Had pled guilty to the theft charges in Kentucky and been granted pretrial diversion, but was wanted on an active warrant for failure to complete the diversion program;

2. Had been arrested within the jurisdiction of the Vandalia Municipal Court for driving under the influence of alcohol, driving under suspension, and violating equipment regulations, had been referred to that court's diversion program, but had failed to appear and been the subject of a warrant and later of an order to show cause;

3. Had been found guilty of driving without a valid license in the Dayton Municipal Court, but was wanted on a warrant for failure to pay fine and costs on that conviction; and

4. Had four outstanding active warrants from the Dayton Municipal Court for cases which occurred before her conviction in this Court.

Pursuant to 18 U.S.C. § 3148, the Court finds that there is probable cause to believe that Defendant has committed a state or local crime while on release and that she is unlikely to abide by any condition or combination of conditions of release. Accordingly, her release is REVOKED and it is hereby ORDERED that:

1) the Defendant be committed to the custody of the Attorney General of the United States;

2) the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) on order of a court of the United States or on request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a district judge from this Order must, at the same time as filing the appeal, order a transcript of the detention hearing from the court reporter.

September 29, 2011.

s/ **Michael R. Merz**  
United States Magistrate Judge